UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JIMMY HORACE OAKLEY, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:13-CV-102 |
| | § | |
| L. HUDSON, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER DENYING WITHOUT PREJUDICE SECOND MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff is an inmate in the Texas Department of Criminal Justice - Institutional Division, currently incarcerated at TDCJ-CID's Polunsky Unit in Livingston, Texas. Proceeding *pro se*, plaintiff filed a civil rights complaint pursuant to 42 U.S.C. § 1983, alleging that the Warden at the Connally Unit failed to protect him from assault by another inmate and medical officials at the McConnell Unit and UTMB Galveston were deliberately indifferent to his serious medical needs when treating his jaw, which was broken during the assault (D.E. 1, 12, 16).  An evidentiary hearing was held, and all claims were dismissed except for Plaintiff's claims against Defendant Lori Hudson (D.E. 20).  An order for service of process was entered, and Defendant Hudson has filed her answer (D.E. 21, 27).  Pending is plaintiff's second motion for appointment of counsel (D.E. 33).

In Bounds v. Smith, the Supreme Court held that a prisoner's constitutional right of access to the courts requires that the access be meaningful; that is, prison officials must provide pro se litigants with writing materials, access to the law library, or other forms of

legal assistance. Bounds v. Smith, 430 U.S. 817, 829 (1977). There is, however, no constitutional right to appointment of counsel in civil rights cases. Akasike v. Fitzpatrick, 26 F.3d 510, 512 (5th Cir. 1994); Branch v. Cole, 686 F.2d 264, 266 (5th Cir. 1982). Further, Bounds did not create a "free-standing right to a law library or legal assistance." Lewis v. Casey, 116 S. Ct. 2174, 2180 (1996). It is within the Court's discretion to appoint counsel, unless the case presents "exceptional circumstances," thus requiring the appointment. 28 U.S.C. § 1915(e)(1); Cupit v. Jones, 835 F.2d 82, 86 (5th Cir. 1987).

A number of factors should be examined when determining whether to appoint counsel. Jackson v. Dallas Police Department, 811 F.2d 260, 261-62 (5th Cir. 1986) (citing Ulmer v. Chancellor, 691 F.2d 209 (5th Cir. 1982)). The first is the type and complexity of the case. Id. This case is not overly complex. Plaintiff alleges Defendant Hudson was deliberately indifferent to his serious medical needs when she failed to provide him appropriate post-operative care after surgery on a broken jaw, and she failed to ensure that he was timely sent to Hospital Galveston for follow-up care. Although serious, plaintiff's allegations are not complex.

The second and third factors are whether the plaintiff is in a position to adequately investigate and present his case. Plaintiff's pleadings and his testimony during the evidentiary hearing demonstrate he is reasonably articulate and intelligent. He has cited appropriate cases from the law library. Plaintiff appears, at this stage of the case, to be in a position to adequately investigate and present his case. Plaintiff claims his

incarceration prevents him from preparing his legal work, but he has adequately represented himself up to this point in the litigation.

The fourth factor which should be examined is whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross-examination.  Examination of this factor is premature because the case has not yet been set for trial.  Dispositive motions are not due until January 10, 2014.

Finally, there is no indication that appointed counsel would aid in the efficient and equitable disposition of the case.  The Court has the authority to award attorneys' fees to a prevailing plaintiff.  42 U.S.C. § 1988.  Plaintiff is not prohibited from hiring an attorney on a contingent-fee arrangement.  Plaintiff's second motion for appointment of counsel (D.E. 33) is denied without prejudice at this time.  This order will be *sua sponte* reexamined as the case proceeds.

ORDERED this 22nd day of October, 2013.

B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE