UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

JIMMY HORACE OAKLEY, §
§
     Plaintiff, §
VS. § CIVIL ACTION NO. 2:13-CV-102
§
L. HUDSON, §
§
     Defendant. §

## ORDER DENYING RULE 60(b) RELIEF

The Court entered final judgment in this action on December 15, 2014. D.E. 78. Plaintiff appealed and the Fifth Circuit Court of Appeals affirmed the judgment in a per curiam decision. *Oakley v. Hudson*, No. 15-40178 (5th Cir. Nov. 4, 2016). On February 22, 2018, Plaintiff filed a Motion for Rule 60(b) Relief from Judgment (D.E. 90), claiming that the prior judgment was issued without jurisdiction and seeking to relitigate matters already determined in the prior trial and appellate proceedings.

A party's right to relief under Rule 60(b) is limited both with respect to the grounds for relief and the time relief is sought. Because this motion was filed more than one year after judgment was issued, the only grounds available to Plaintiff are: (a) that the judgment is void; (b) the judgment has been satisfied, released, or discharged; or (c) any other reason that justifies relief. Clearly, there is no judgment subject to satisfaction, release, or discharge. And the "any other reason" basis is not a wide-open invitation to raise any argument (particularly those already litigated), but is reserved only for

extraordinary circumstances. *Gonzalez v. Crosby*, 545 U.S. 524, 536 (2005). Plaintiff has stated no such circumstances.

Therefore, the only ground available to Plaintiff is that the judgment is void. He makes this argument on the basis of the Court's referral of pre-trial management to the Magistrate Judge pursuant to 28 U.S.C. § 636. He claims that the Magistrate Judge tried the case without his consent and was therefore without jurisdiction to enter judgment. The fundamental flaw in this argument is that the Magistrate Judge neither tried the case without his consent nor entered judgment. Rather, this Court entered judgment on the Magistrate Judge's recommendation (D.E. 77), a procedure fully supported by the pre-trial management referral system in 28 U.S.C. § 636. Plaintiff does not contest this Court's Article III jurisdiction. The judgment is not void.

For these reasons, the Court DENIES Plaintiff's motion for Rule 60(b) relief. D.E. 90.

ORDERED this 19th day of March, 2018.

NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE